CASEY & BARNETT, LLC
305 Broadway, Ste 1202
New York, New York 10007
Tel: 212-286-0225

---

| | |
|---|---|
| ALLEN HARIM FOODS LLC. | ) |
| Plaintiff, | ) UNITED STATES DISTRICT COURT ) DISTRICT OF NEW JERSEY |
| - against - | ) Case No: |
| MBL TRANSPORT LLC | ) |
| Defendant. | ) **COMPLAINT** |

Plaintiff, ALLEN HARIM FOODS LLC, by and through its attorneys, CASEY & BARNETT, LLC, as and for its Complaint, alleges upon information and belief as follows:

## INTRODUCTION

1. This is an action to recover for damages sustained to plaintiff's cargo damaged while in the care and custody of defendant MBL TRANSPORT LLC, a common carrier of goods.

## PARTIES

2. At all material times, ALLEN HARIM FOODS LLC (hereinafter "Harim" or "Plaintiff") was and is a limited liability company with an office and place of business located at 126 N. Shipley Street, Seaford, Delaware 19973, and was the shipper and owner of a consignment of Frozen Chicken that sustained physical damage during transit, as more fully described below.

3. At all material times, defendant MBL Transport, LLC, (hereinafter "MBL" or "Defendant") was and is a limited liability company with an office and place of business located at 2524 High Street, Apt 2E, Fairlawn, New Jersey 07410.

4. MBL is a common carrier of goods for hire, by road haulage.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## JURISDICTION

6. The Court has jurisdiction of this matter pursuant to the provisions of the Carmack Amendment, 49 USC § 14706 in that it involves the interstate transportation of goods by road, and pursuant to 28 U.S.C. § 1337 in that the amount in controversy exceeds $10,000.

7. Venue is proper in this jurisdiction in that defendant has its principal place of business locate in Fairlawn, New Jersey.

## RELEVANT FACTS AND CAUSE OF ACTION

8. At all material times MBL was a common carrier of goods for hire.

9. At all material times, Harim was acting as the shipper and owner of the consignment of frozen chicken which is the subject matter of this litigation. Harim engaged the services of a freight forwarder, CH Robinson, to arrange for road transportation of the consignment to the buyer/purchaser of the consignment of frozen chicken in Texas.

10. CH Robinson booked road transit for the consignment from Delaware to Texas with MBL Transport.

11. On or about November 19, 2013 in Seaford, Delaware a consignment consisting of (a) 291 cases frozen Chicken Tenders; (b) 8 cases frozen Chicken Breasts; and (c) 375 cases Frozen Whole Legs of Chicken was delivered into the custody and control of MBL, driver no. 104467 and trailer no. 100, for transportation to Trinity Valley Foods in Irving, Texas and to Lineage

Cold Storage in Coppell, Texas. MBL accepted the goods into its custody and control without noting any exceptions as to the condition of the cargo or its packaging.

12. While MBL was enroute to its intended destination in Irving, Texas, the truck was involved in a road accident which resulted in the constructive total loss to the entire consignment of Frozen Chicken.

13. When the cargo was delivered to the intended consignees, Trinity Valley Foods and Lineage Cold Storage, the cargo was not in the same good order and condition as when it was delivered to MBL in Delaware and the cargo was rejected by the intended cargo receivers.

14. At all material times, MBL had exclusive control and access to Plaintiff's goods.

15. At all material times, MBL had a duty to protect the property of Plaintiff entrusted to it from damage and destruction.

16. Harim reasonably relied upon MBL to perform and carry out its duties as a common carrier of goods for hire.

17. MBL breached its duty and was negligent in failing to protect, store and deliver the cargo to its intended destination.

18. But for the failure of MBL to properly care for plaintiff's goods in its capacity as a common carrier in all respects at all times, Plaintiff would not have incurred damages.

19. As a direct and proximate result of the negligence and breach of duties by Defendant MBL, Plaintiff has suffered damages in the approximate amount of $64,485.00.

20. The damage to the cargo was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the Defendant and/or its agents.

21. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $64,485.00.

WHEREFORE, Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $64,485.00, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       July 27, 2016
       424-40

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *Martin F. Casey*
Martin F. Casey
James P. Krauzlis
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225